IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

**JAMES A. JOHNSON**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　**CIVIL ACTION NO. 1:17-04404**

**MCDOWELL COUNTY SHERIFF DEP'T, et al.,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

This action arises from ongoing bad blood between two McDowell County first responders: volunteer firefighter, James Johnson and deputy sheriff, Ron Blevins. The conflict peaked when Johnson was tasered in the back by Blevins. Johnson sued Blevins and McDowell County Sheriff's Department ("MCSD"). After defendants filed a motion to dismiss, plaintiff responded by amending his complaint. For the reasons that follow, the court **GRANTS** in part and **DENIES** in part plaintiff's motion to file his Revised Amended Complaint.[1] ECF No. 16-1.

---

[1] In his Motion for Leave to Amend, (ECF No. 11), plaintiff attached an Amended Complaint. ECF No. 11-1. After defendants' responded in opposition, plaintiff attached the operative Revised Amended Complaint to its Reply brief. ECF No. 16-1. Defendants, within their Surreply, briefed their opposition to the Revised Amended Complaint. ECF No. 17. Accordingly, the court's Memorandum Opinion and Order analyzes plaintiff's Revised Amended Complaint.

## I. TWO YEARS OF BAD BLOOD

On January 8, 2015, James Johnson, Assistant Chief of the Berwind Volunteer Fire Department, was dispatched as a first responder to a motor vehicle accident. Complaint at ¶ 14. Ron Blevins, McDowell County Deputy Sheriff, was called to the scene of the accident as an investigating officer. Id. at ¶¶ 15-17. Finding Blevins' search personally unsatisfactory, Johnson searched the vehicle and found a quantity of Xanax and Oxycontin. Id. at ¶¶ 18-20. Johnson contacted Blevins and requested that he return and seize the evidence. Id. at ¶ 21. Blevins responded that he would recover the evidence the following day. Id. at ¶ 22. The next day, Johnson called the MCSD twice to ensure the evidence was recovered. Id. at ¶ 23. Later, Johnson prepared and filed an "unfavorable report" regarding Blevins' conduct. Id. at ¶ 24. On February 6, 2015, Blevins came with another police officer to Johnson's home and harassed the plaintiff, eventually leading Johnson to dial 9-1-1.[2] Id. at ¶¶ 25-28.

On April 7, 2016, Johnson was again dispatched as a first responder to a motor vehicle accident. Id. at ¶ 30. Johnson assisted with directing traffic. Id. at ¶ 31. Blevins "arrived

---

[2] The result of this emergency telephone call is not detailed within the Complaint, Amended Complaint, or Revised Amended Complaint.

2

on the scene speeding, with no lights or siren, and drive (sic) through the barricades set up by [Johnson]." Id. at ¶ 32. These actions resulted in an argument between Johnson and Blevins. Id. at ¶ 34. After the verbal altercation, Blevins tasered Johnson in the back, resulting in his inability to stand or walk. Id. at ¶¶ 35-36.

Blevins obtained an arrest warrant for Johnson, charging him with "Obstructing an Officer, Fleeing the Scene, and Disorderly Conduct" arising from the April 7, 2016 incident. Id. at ¶ 38. Johnson pled guilty to one count of Disorderly Conduct arising from the same incident. Id. at ¶ 39. Nevertheless, Johnson alleges that his actions never exceeded his duty as a public safety officer. Id. at ¶¶ 39-40.

## II. PROCEDURAL HISTORY

Johnson sued Blevins and MCSD on November 28, 2017. See Complaint. Defendants answered the Complaint and simultaneously filed a motion to dismiss MCSD and partial motion to dismiss Ron Blevins on December 19, 2017. See ECF No. 8. Instead of responding, Johnson filed the instant motion for leave to amend his complaint. See ECF No. 11. Defendants opposed the amendment. See ECF No. 15. Johnson's Reply brief attached a Revised Amended Complaint, (see ECF Nos. 16, 16-1), which defendants opposed in a Surreply. ECF No. 17. Johnson filed a motion to strike defendants' Surreply, noting defendants'

3

failure to seek leave of the court before filing the Surreply. ECF No. 18. Defendants then filed a motion for leave to file Surreply, ECF No. 19, which Johnson also opposed. ECF No. 21.[3]

### III. SUBSTANCE OF THE AMENDMENT

Comparing the substantive revisions between the Complaint and Revised Amended Complaint illustrates the following changes:

- Constitutional Violations (Counts 1 and 2) now does not allege defendants' liability under the Eighth and Fourteenth Amendments of the United States Constitution. See id. at ¶¶ 2, 45, 55.
- Battery Claim now omits MCSD. Id., Count III.
- Strict Liability (Agency), Intentional Infliction of Emotional Distress (IIED), and Negligent Hiring, Training, and Supervision, and Punitive Damages claims added. See id. at pp. 10-13, Counts IV-VIII.
- Negligence Claim removed. See id.
- Revised Amendment Complaint alleges Blevins is individually liable for acts outside the scope of his employment. See id. at ¶¶ 5, 44.

---

[3] Defendant was correct that a Surreply memorandum is not to be filed except with leave of court. See L. R. Civ. P. 7.1(a)(7). Nevertheless, after Johnson's Motion to Strike alerted defendants of the need to seek leave of court, defendants filed a motion seeking leave of court. See ECF No. 18. Given the court's willingness to review plaintiff's Revised Amended Complaint, see infra fn 1, the court finds it beneficial and necessary to allow defendants an opportunity to object to the substantive amendments within the Revised Amended Complaint. Khoury v. Meserve, 268 F. Supp. 2d 600, 605 (D. Md. 2003) (citations omitted) (a Surreply "may be permitted when the moving party would be unable to contest matters presented to the court for the first time in the opposing party's reply."). Accordingly, the court **GRANTS** defendants' motion for leave to file a Surreply, (ECF No. 19), **DENIES** plaintiff's motion to strike (ECF No. 18), and has considered the arguments contained in defendants' Surreply in deciding whether to allow plaintiff's Revised Amended Complaint to be filed.

## IV. APPLICABLE LAW

Federal Rule of Civil Procedure 15 governs the amendment of pleadings. Rule 15(a)(1) provides a plaintiff with an opportunity to amend his or her complaint once as a matter of course, subject to certain time limitations. Rule 15(a)(2), on the other hand, provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." The United States Supreme Court indicated that leave to amend a pleading should be denied only (1) when the amendment would be prejudicial to the opposing party, (2) there has been bad faith on the part of the moving party, or (3) the amendment would be futile. Foman v. Davis, 371 U.S. 178, 182 (1962). Here, defendants oppose plaintiff's motion to amend the complaint solely on futility grounds.

An amendment is futile under Rule 15 if it would fail to survive a motion to dismiss for failure to state a claim. See U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 376 (4th Cir. 2008). Granting leave to amend a complaint is futile when the proposed amendment is "clearly insufficient or frivolous on its face." Johnson v. Oroweat Foods Co., 785 F.2d 503, 510 (4th Cir. 1986); see also Rambus, Inc. v. Infineon Tech., AG, 304 F. Supp. 2d 812, 819 (E.D. Va. 2004) ("Courts generally favor the 'resolution of cases on their merits' . . .

[t]hus the substantive merits of a proposed claim [or defense] are typically best left for later resolution, e.g., under motions to dismiss or for summary judgment, . . . , or for resolution at trial.") (quoting Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980)).

## V. DISCUSSION

Defendants only substantive objection[4] involves plaintiff's new claims of Strict Liability (Agency) (Count IV), Intentional Infliction of Emotional Distress ("IIED") (Count V), and Negligent Hiring, Training, and Supervision (Count VI). Defendants allege each claim should be denied due to their futility. Upon review, this court agrees and **DENIES** plaintiff's addition of Counts IV-VI.

### A. Plaintiff's Strict Liability (Agency) Claim Against MCSD Is Futile

Plaintiff alleges that MCSD is strictly and vicariously liable for the acts of Blevins under the Governmental Tort Claims and Insurance Reform Act ("GTCIRA"), pursuant to West Virginia Code § 29-12A-1, et seq. See ECF No. 16-1, ¶ 66.

---

[4] Regarding plaintiff's state constitutional violations claim, defendants allege plaintiff's claims against MCSD are futile. Plaintiff filed his constitutional claims against MCSD in his original complaint and Revised Amended complaint. Compare ECF No. 1 at ¶¶ 53-62, with ECF No. 16-1 at ¶¶ 52-60. Therefore, the proper avenue for this challenge is to file a dispositive motion.

6

GTCIRA provides that "Political subdivisions are liable for injury, death or loss to persons or property caused by the negligent performance of acts by their employees while acting within the scope of employment." W. Va. Code § 29-12A-4(c)(2) (emphasis added).[5] Accordingly, MCSD may be held vicariously liable only for the negligent conduct of Blevins.

Count IV of the Revised Amended Complaint alleges that MCSD is vicariously liable for the acts of Blevins. See id. at ¶ 66. Nowhere in the Revised Amended Complaint does plaintiff allege that Blevins engaged in negligent conduct. See Id. In contrast, plaintiff's negligence claim against Blevins included in the original complaint was removed from the Revised Amended Complaint.[6] Compare ECF No. 1, Count IV, Negligence, with ECF No. 16-1. Without even a threadbare assertion of Blevins' negligence, Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), plaintiff's conclusory and unsupported vicarious liability claim against MCSD is futile under GTCIRA.

---

[5] Zirkle v. Elkins Road Public Service District, 221 W.Va. 409, 414, 655 S.E.2d 155, 160 (2007) ("[C]laims of intentional and malicious acts are included in the general grant of immunity in W. Va. Code, 29-12A-4(b)(1). Only claims of negligence specified in W. Va. Code, 29-12A-4(c) can survive immunity from liability under the general grant of immunity in W. Va. Code, 29-12A-4(b)(1).").

[6] The Revised Amended Complaint alleges Blevins engaged in state and federal constitutional violations (Counts 1 and 2) and engaged in the intentional torts of IIED and battery (Counts 3 and 5).

7

**B. Plaintiff's Intentional Infliction of Emotional Distress Claim Against MCSD Is Futile**

MCSD argues that it may only be held liable for the negligent acts of its employees, and thus, may not be held liable for the intentional tort of IIED. As stated infra, political subdivisions may only be held liable under the GTCIRA for the negligent acts of its employees. See Zirkle, 221 W.Va. at 414, 655 S.E.2d at 160 (2007); see also Mallamo v. Town of Rivesville, 197 W.Va. 616, 477 S.E.2d 525 (1996) (holding West Virginia town was not subject to liability when plaintiff claimed the town's police chief committed the intentional tort of conspiracy).

Plaintiff fails to cite any authority for the proposition that MCSD may be held liable for the intentional torts of its employees and cannot do so. See Webb v. Raleigh Cty. Sheriff's Dep't, 761 F. Supp. 2d 378, 394 (S.D.W. Va. 2010) (dismissing IIED claim against Raleigh County Commission because an agency "may only be held liable for the negligent acts of its employees"). Accordingly, plaintiff's IIED claim against MCSD is futile.

**C. Negligent Hiring, Training and Supervision Claim is Futile**

The West Virginia Supreme Court of Appeals applies the following test for a claim based on negligent hiring under West Virginia state law:

> [W]hen the employee was hired or retained, did the
> employer conduct a reasonable investigation into the
> employee's background vis a vis the job for which the
> employee was hired and the possible risk of harm or
> injury to co-workers or third parties that could
> result from the conduct of an unfit employee? Should
> the employer have reasonably foreseen the risk caused
> by hiring or retaining an unfit person?

McCormick v. W. Virginia Dep't of Pub. Safety, 202 W. Va. 189, 193, 503 S.E.2d 502, 506 (1998); see also Webb, 761 F. Supp. 2d at 397, cited by Keene v. Hawkins, No. 2:13-CV-49, 2013 WL 6583986, at *8 (N.D.W. Va. Dec. 16, 2013).

A claim of negligent training and supervision, under West Virginia law, is governed by negligence principles. See Runyon v. Hannah, No. 2:12–CV–1394, 2013 WL 2151235, at *7 (S.D.W. Va. May 16, 2013) (citing Pruitt v. W. Virginia Dep't of Pub. Safety, 222 W. Va. 290, 294, 664 S.E.2d 175, 179 (2008) (denial of summary judgment on failure to supervise claim)).

Johnson's factual claims of negligent hiring, training, and supervision by MCSD are as follows:

> Defendant was negligent in several aspects, including but not limited to the following acts:
> a. failing to properly interview, evaluate and screen Defendant Blevins prior to hiring;
> b. failing to properly train Defendant Blevins in proper police procedures including properly responding to accident response calls and dealing with first responders; and
> c. failing to properly monitor and supervise Defendant Blevins.

See ECF No. 16-1 at ¶ 75. Here, even without considering foreseeability, plaintiff fails to plead a single, non-

9

conclusory fact concerning MCSD's processes of hiring, training, and supervision. Instead, plaintiff's claims amount to nothing more than "threadbare recitals of [the] cause of action's elements, supported by mere conclusory statements." Iqbal, 556 U.S. 662, 679; see also Pride v. Pierce, No. 5:14-CV-781-BO, 2016 WL 958203, at *5 (E.D.N.C. Mar. 8, 2016) (refusing to allow filing of amended complaint to include claims of negligent hiring, retention, and supervision arising from blanket and factually unfounded assertions).

## VI. CONCLUSION

For the reasons above, the plaintiff's Motion for Leave to Amend (ECF No. 11), is **GRANTED in part and DENIED in part** to the extent that Counts IV, V, and VI are futile.

Within seven (7) days of entry of this Memorandum Opinion and Order, the plaintiff is **DIRECTED** to file a complaint consistent with this Memorandum Opinion and Order[7] and the Clerk is **DIRECTED** to file that complaint as plaintiff's "First Amended Complaint."

The Clerk is further **DIRECTED** to send a copy of this Memorandum Opinion and Order to all counsel of record.

---

[7] Moreover, the court instructs plaintiff to more accurately identify which defendants are charged in each of the remaining causes of action.

10

**IT IS SO ORDERED** this 3rd day of April, 2018.

       Enter:

       *David A. Faber* (signature)
       David A. Faber
       Senior United States District Judge